FILED

IN THE UNITED STATES DISTRICT COURT UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

JUN 2 2 2001

LEROY J. VIGIL,

            Plaintiff,

*Robert M. March*

CLERK

vs.

CIVIL NO.  01-398 LFG/DJS

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

            Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS COUNTS II AND III

THIS MATTER is before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss two counts of Plaintiff's lawsuit [Doc. 8]. Defendant, Prudential Insurance Company of America ("Prudential") contends that Plaintiff, Leroy J. Vigil ("Vigil"), failed to appropriately plead a cause of action in two counts of his three-count complaint.

In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Vigil's Complaint

On March 6, 2001, Vigil filed suit in state district court with a pleading captioned "Complaint for Declaratory Judgment, Breach of Contract, Unfair Claims Practices and Bad Faith." After asserting jurisdictional allegations, Vigil's complaint states that for consideration paid, Prudential issued Vigil a disability policy which has been and remains in full force. This policy



provides benefits for both short and long-term disability. Vigil contends that on December 8, 1998, he suffered a disc herniation, and thereafter applied for a received short-term disability benefits.

Vigil asserts that long-term disability benefits were due to begin on January 7, 2001, if he was not able to perform the material and substantial duties of his occupation, nor the material and substantial duties of any job for which he was reasonably fit by education, training and experience, and was not working at any job for wage or profit.

Vigil contends that he met and continued to meet the requirements for long-term disability, but despite his being qualified, Prudential refused and failed to pay him long-term disability benefits. Vigil claims that Prudential's actions were intentional, deliberate and/or in reckless disregard for his rights. Vigil claimed that a dispute existed between the parties concerning Vigil's rights under the policy and that the Court should construe the policy to determine the nature and extent of those rights. He concluded that Prudential's acts constituted a breach of the contract of insurance.

In Count II, after re-alleging all allegations previously pled, Vigil further stated that Prudential's denial of benefits constituted a violation of New Mexico's insurance code, §§ 59A-16-20(A), (C), (D), (E) and (G). He prayed for damages to be established and requested an award of costs and attorney fees. Finally, in Count III, after incorporating by reference all previously pled allegations, Vigil contended that Prudential's actions constitute a violation of his common-law rights, giving rise to a claim for bad faith.

While conceding that Vigil has pled a cause of action for breach of contract, Prudential contends that Counts II and III do not provide sufficient facts to give Prudential notice of the claims against it. Prudential argues that these counts "offer no grounds for Prudential to glean how or why the Plaintiff is entitled to damages based on extra contractual theories. Instead, Counts II and III are

2

nothing more than conclusions, even then not well articulated, with virtually no facts demonstrating what it is that Prudential purportedly did wrong." (Memorandum in Support of Motion, p. 4).

Prudential argues that the unfair insurance practice claims are deficient in that Vigil has simply referred to various subsections of NMSA 1978, § 59A-8-16-20 without providing any basis for the claims asserted, and correctly notes that the subsections referred to authorize claims under various theories, i.e., misrepresentation (subsection A); failures to adopt and implement reasonable standards for the prompt investigation and processing of the claims (subsection C); failing to affirm or deny coverage of claims of insureds within a reasonable time (subsection D); not attempting in good faith to effectuate prompt, fair and equitable settlements of an insureds claims in which liability has become reasonably clear (subsection E); and compelling insureds to institute litigation to recover amounts due under the policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered (subsection G).

Similarly, in Count III, Prudential argues that the purported bad-faith claims fail to withstand 12(b)(6) scrutiny. Prudential argues that because Vigil has not specifically identified the acts or omissions allegedly done in bad faith, Prudential has not been put on notice regarding the specific claims it must defend against. Prudential argues that Vigil has pled insufficient facts to enable it to defend against the accusations, and even affording Vigil a liberal interpretation as required by the rules, Prudential claims it is hard pressed to understand the nature of the charges against it.

In his response to the motion, Vigil concedes that he has erroneously referred to certain subsections of New Mexico's insurance code that are not applicable to his claim, and in his response, has clarified the claim by withdrawing the inapplicable statutory sections. Vigil also argues that the

3

claim, as pled, is sufficient to withstand a 12(b)(6) motion.

### Code Pleading v. Notice Pleading

The shift from code pleading to the more liberal notice pleading under the Federal Rules of

Civil Procedure was intended to eliminate the strictures previously imposed by code pleading.

> Rule 8 of the Federal Rules of Civil Procedure was originally
> designed to circumvent the morass caused by the code pleading
> requirement of pleading facts constituting the cause of action. As
> Professor Moore points out, the "requirement that facts be pleaded is
> illusory and unsound; and results in a battle over the form of
> pleadings that does not advance the action to adjudication on the
> merits." 2A Moore's Federal Practice, ¶ 8.12 at 1692. To reinstate
> this type of pleading, even in the limited circumstances here involved,
> is to directly contradict the spirit and purpose of Rule 8(a) and the
> general concept of modern federal pleading.

United States v. Gustin-Bacon Div. Certainteed Prods. Corp., 426 F.2d 539, 542 (10th Cir. 1970.

The intent of notice pleading is simply to alert the defendant to the nature of claim being

advanced, and thereafter to allow the parties, through liberal use of discovery as authorized by the

federal rules, to obtain specifics relating to the claims and defenses. Here, a liberal reading of the

complaint, including the general allegations which are adopted by reference in Counts II and III, is

sufficient to alert Prudential that it must defend against three separate causes of action arising from

these same core facts. The core facts are set out in the general allegations and in Count I.

Requiring Vigil to plead with specificity the facts supporting these causes of action, as in

United States v. Gustin-Bacon Division Certainteed Products Corp., does little to advance the

ultimate disposition of this litigation and only delays the process. This is so because a dismissal of

claims under 12(b)(6) is generally without prejudice so as to allow the pleader to amend his claim

for relief. The same objective can be obtained through discovery without putting the parties through

a new round of amendments and answers.

Vigil concedes some pleading error and confusion in Count II, his briefing alerts Prudential as to appropriate areas of inquiry in the discovery process.

Granting Prudential's motion would require the Court to take a step back in time and impose code pleading requirements on a litigant.  That practice, with limited exceptions, is not appropriate under Rule 8.  But, *see, e.g.,* <u>Vicom, Inc. v. Harbridge Merchants Services, Inc.,</u> 20 F.3d 771, 776 (7th Cir. 1994) ([the] particularity demands of pleading fraud under Rule 9(b) in no way negate the commands of Rule 8); *see also* <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,</u> 507 U.S. 163, 113 S. Ct. 1160 (1993)(no heightened pleading standard in civil rights cases alleging municipal liability under 42 U.S.C. § 1983).

The Court rejects Prudential's argument and finds that granting Prudential's request would impose requirements on Vigil which are no longer imposed by Rule 8.

### Rule 12(b)(6) Standards

As additional justification for the Court's refusal to dismiss Counts II and III, the Court notes that Rule 12 stands a powerful presumption against dismissal.  <u>Maez v. Mountain States Tel. & Tel., Inc.,</u> 54 F.3d 1488, 1496 (10th Cir. 1995).  Dismissals under this Rule are disfavored, and in view of the Rule's "notice pleading" requirements, are rarely granted.  <u>Morse v. Regents of the Univ. of Colorado,</u> 154 F. 3d 1124, 1127 (10th Cir. 1998).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson,</u> 335 U.s. 41, 45, 78 S. Ct. 99, 102 (1957).

Here, Vigil has adequately given notice of his claim and has provided Prudential with a core

5

set of facts applicable to his alternative theories.  Ample opportunity is afforded Prudential to flush out the relevant facts during the discovery process.  Because the law disfavors 12(b)(6) motions, and for the reasons given above, the Court denies Prudential's motion to dismiss Counts II and III for failure to state a cause of action.

Lorenzo F. Garcia
United States Magistrate Judge

COUNSEL FOR PLAINTIFF:
Matthew L. Chacon, Esq.

COUNSEL FOR DEFENDANT:
Grey W. Handy, Esq.
Michael R. Comeau, Esq.